JOSEPH FEMIA, PLAINTIFF-RESPONDENT, v. CITY OF BAYONNE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

JOSEPH FEMIA, PLAINTIFF-RESPONDENT, v. CITY OF BAYONNE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued January 17, 1933—Decided June 29, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Daniel J. Murray* (*Daniel J. Murray,* of counsel).

For the respondent, *Hyman Brodsky.*

PER CURIAM.

These appeals bring up for review two judgments rendered in the Hoboken District Court by the judge, sitting without a jury, on October 6th, 1932, in favor of Joseph Femia and against the city of Bayonne. The two cases were tried together by consent of the attorneys and by stipulation were argued here together.

The record discloses that the plaintiff instituted these two suits against the city of Bayonne to recover money alleged to be due him on an agreement for the use and hire of his truck in working on a park improvement in the city of Bayonne. In case No. 59526, designated as case No. 2 in the state of the case, the plaintiff alleges an agreement with

the city of Bayonne for the use and hire of his truck for a period of twenty-nine days at $15 per day from September 12th, 1931, to October 16th, 1931. He claims he is entitled to the sum of $435 (the total of the sums of $165 and $270) for the use of his truck for that period. In case No. 59525, designated as case No. 1 in the state of the case, the plaintiff claims he is entitled to the sum of $333 for the use and hire of his truck by the city of Bayonne for a period commencing October 25th, 1931, and ending December 18th, 1931, after certain credits are given to the defendant.

From the judgment rendered in each of these cases the defendant appeals.

Apparently the only ground argued by the appellant is that the court below was without jurisdiction to render such judgments because, as stated in its brief: "The plaintiff had one basic cause of action and split it up to avoid the $500 jurisdictional limitations of the District Court."

We think this contention is without merit.

The testimony of the plaintiff tended to show that his truck was employed by the city of Bayonne for the period and time mentioned in case No. 59526. There appears to be no dispute as to this. He then put in two claims against the city of Bayonne for the sums which he is now demanding in that suit. Both of these claims were approved and ordered paid by the city of Bayonne. He then testified that he was informed by the superintendent in charge that he was laid off and that he believed he was finished with the work. He testified as follows: "Q. Who laid you off? A. There was a notice posted on the office in the park at Twenty-seventh street, stating that all the employes were laid off, and I was included. Q. Your truck didn't work for that particular week? A. It didn't, from that day. Q. You simply looked at the notice on the board? A. No; the superintendent told me. Q. Who was he? A. Patrick Sheridan."

He then testified that on October 26th, 1931, after a lapse of a period of ten days, his truck was again hired by the city of Bayonne for the period and times mentioned in case No. 59525, and that he received certain payments which left a balance of $333. There appears to be no dispute as to the

amount claimed here. This money was requested to be paid by separate claims which were approved and ordered paid by the city of Bayonne.

The plaintiff's contention that there were two separate employments at two separate times, since a period of ten days had intervened between the first and second employment, and that each separate employment was the basis of the respective suits, is further supported by the fact that when the plaintiff first began to work for the city of Bayonne on September 12th, 1931, he received a red card, No. 115, and when he began to work the second time, namely, on October 26th, 1931, he received a blue card, No. 518. His testimony in this respect is as follows:

"*Q.* Now, when you started to work there, did you receive a card—one of these cards? *A.* I did. *Q.* Which one; do you know—the first one? *A.* Number 115 red."

And on page 36, lines 37 to 40, and on page 37, lines 1 to 3: "*Q.* Then you went to work again on October 26th? *A.* That's right. *Q.* Did you receive another card from the man in charge of the park? *A.* Yes, I did. *Q.* Which card? *A.* I believe it was this here one. *Q.* Blue card number 518? *A.* That's right."

On the part of the defendant there is no evidence to contradict this testimony of the plaintiff and of course the trial court was justified in accepting the plaintiff's testimony in this respect. The question was one of fact for the trial judge under *Branagan* v. *Hilton,* 10 *N. J. Mis. R.* 729, and the value of the evidence was for the trial judge, who was fully justified in finding that there had been two separate employments.

The only other contention of the defendant is that "plaintiff failed to establish any indebtedness to him from the city of Bayonne in either or both cases." This contention, while stated, is not argued as it seems to us. But however that may be, we think the question, under the evidence, was a jury question, and under familiar rules we cannot disturb the judgments.

Both judgments will be affirmed, with costs.